IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RENE L. BURROUGHS, | : : : | CIVIL ACTION |
| Plaintiff, | : : | FILED ELECTRONICALLY |
| v. | : : | ON DECEMBER 8, 2008 |
| MGC SERVICES, INC. and GRETCHEN GEIBEL, | : : | JURY TRIAL DEMANDED |
| Defendants. | : : : | |
|  | : | |

## **COMPLAINT**

Plaintiff Rene L. Burroughs ("Plaintiff") brings this lawsuit against Defendants MGC

Services, Inc. and Gretchen Geibel ("Defendants"), seeking all available relief under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act

("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection

Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*  The following allegations are based on personal

knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of

others.

## **JURISDICTION AND VENUE**

1.      Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and

28 U.S.C. § 1331.

2.      Jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

## THE RELEVANT TIME PERIOD

4.      The FLSA and PMWA permit Plaintiff to recover unpaid wages and liquidated damages for up to three years prior to the filing of this lawsuit.  Accordingly, the allegations set forth herein concern Plaintiff's employment since December 8, 2005.

## PARTIES

5.      Plaintiff is an individual residing in Sharpsville, Pennsylvania (Mercer County) and, during the relevant time period, she was jointly employed by Defendants MGC Services, Inc. and Gretchen Geibel.

6.      Defendant MGC Services, Inc. ("MGC") is a corporate entity maintaining a principal place of business in West Middlesex, Pennsylvania (Mercer County).  MGC provides various services to children with mental health issues.

7.      Defendant Gretchen Geibel ("Geibel") resides within this judicial district and, upon information and belief, is the principal owner of MGC.  Geibel personally oversees and manages MGC.  During all times relevant to this lawsuit, Geibel acted directly in the interest of the MGC in relation to Plaintiff and was personally involved in the illegal practices alleged herein.

8.      Throughout this complaint, MGC and Geibel are referred to collectively as "Defendants."

9.      Defendants employ individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

10.     Defendants' annual gross volume of business done exceeds $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## FACTS

11.     Plaintiff was jointly employed by Defendants during all relevant times prior to approximately August 2008 as a Therapeutic Staff Support worker.  As such, Plaintiff provided one-on-one support to children or adolescent clients who suffered from mental health problems.  Defendants received funding for the provision of such client services through various governmental contracts and grants.

12.     Plaintiff was paid an hourly wage and was not exempt from the mandates of the FLSA, the PMWA, or the PWPCL.

13.     As a Therapeutic Staff Support worker, Plaintiff regularly performed various activities that were essential to her job and undertaken for the sole benefit of Defendants' business operations.  These activities included, *inter alia*, preparing and reviewing detailed reports and paperwork concerning Plaintiff's clients and client activities and traveling during the workday between different client locations.

14.     Defendants failed to provide Plaintiff with any compensation for the time spent performing the activities described in Paragraph 13 above.  Such uncompensated time totaled hundreds of hours during the relevant time period and frequently was performed in excess of 40 hours per workweek.

15.     In failing to compensate Plaintiff for all hours worked and failing to pay Plaintiff the legally mandated overtime premium when such hours exceeded 40 during the workweek, Defendants acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

## COUNT I
### (Alleging Violations of the FLSA)

16.     All previous paragraphs are incorporated as though fully set forth herein.

17. Plaintiff was an employee entitled to the FLSA's protections.

18. Defendants is an employer covered by the FLSA.

19. The FLSA entitles employees to compensation for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

20. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

21. Defendants violated the FLSA by failing to compensate Plaintiff the legally mandated overtime premium and by failing to pay Plaintiff for all hours worked.

22. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the PMWA)

23. All previous paragraphs are incorporated as though fully set forth herein.

24. Plaintiff was an employee entitled to the PMWA's protections.

25. Defendants is an employer covered by the PMWA.

26. The PMWA entitles employees to compensation for every hour worked in a workweek. *See* 43 P.S. § 333.104(a).

27. The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

28. Defendants violated the PMWA by failing to compensate Plaintiff the legally mandated overtime premium and by failing to pay Plaintiff for all hours worked.

29.     In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III

### (Alleging Violations of the PWPCL)

30.     All previous paragraphs are incorporated as though fully set forth herein.

31.     The PWPCL requires that covered employees be compensated for every hour worked in a workweek.  *See* 43 P.S. § 260.3.

32.     Defendants are employers covered by the PWPCL, and Plaintiff is an employee entitled to the law's protections.

33.     Defendants have violated the PWPCL by failing to compensate Plaintiff for all hours worked.

34.     In violating the PWPCL, Defendants have acted willfully and with reckless disregard of clearly applicable PWPCL provisions.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.     Compensatory and back pay damages to the fullest extent permitted under federal and state law;

B.     Liquidated damages and monetary penalties to the fullest extent permitted under federal and state law;

C.     Litigation costs, expenses, and attorney's fees to the fullest extent permitted under federal and state law; and

D.      Such other and further relief as this Court deems just and proper.

Date:  December 8, 2008

/s/ Peter Winebrake
Peter Winebrake (80496)
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Phone:  (215) 884-2491
pwinebrake@winebrakelaw.com