IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RENE L. BURROUGHS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 08-1671 |
| MGC SERVICES, INC. and GRETCHEN GEIBEL, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM**

**I. INTRODUCTION**

Plaintiff, Rene L. Burroughs, asserts claims against Defendants, MGC Services, Inc. (individually, "MGC") and Gretchen Geibel (individually, "Ms. Geibel"), for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, and Pennsylvania's Minimum Wage Act of 1968 ("PaMWA"), 43 P.S. §§ 333.101-333.115.[1] Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), or, in the alternative, for a more definite statement pursuant to Fed.R.Civ.P. 12(e). For the reasons set forth below, Defendants' motion will be denied.

---

[1] In her complaint, Plaintiff also asserted a claim against Defendants for alleged violations of Pennsylvania's Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.11a. On March 7, 2009, however, Plaintiff filed a notice of withdrawal with respect to this claim.

1

## II. FACTUAL ALLEGATIONS

In summary, Plaintiff's complaint alleges the following facts:

MGC provides services to children with mental health issues. Ms. Geibel is the principal owner of MGC, and she personally manages the business. Plaintiff was employed by Defendants as a therapeutic staff support worker until approximately August 2008. In this position, Plaintiff, who was paid an hourly wage by Defendants, provided one-on-one support services to children and adolescents with mental health problems.

During her employment by Defendants, Plaintiff regularly performed activities that were essential to her job and undertaken for the sole benefit of Defendants' business operations without compensation. These activities included preparing and reviewing detailed paperwork concerning clients to whom Plaintiff was assigned, as well as traveling between client locations during the workday.

The time for which Plaintiff was not compensated by Defendants totaled hundreds of hours during the relevant period. In addition, Plaintiff frequently worked in excess of 40 hours per week. By failing to compensate Plaintiff for all hours worked, and by failing to pay Plaintiff the legally mandated overtime premium for hours worked in excess of 40 hours per week,

Defendants acted willfully and with reckless disregard of the provisions of the FLSA and the PaMWA.

**III. STANDARD OF REVIEW**

In a recent decision, <u>Umland v. PLANCO Financial Services, Inc.</u>, 542 F.3d 59 (3d Cir.2008), the United States Court of Appeals for the Third Circuit discussed the standard of review for motions to dismiss under Fed.R.Civ.P. 12(b)(6) following the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), stating:

\* \* \*

> When considering a district court's grant of a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir.2006). We "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002).
>
> In light of the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, \_\_ U.S. \_\_, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), we have cautioned that the factual allegations in the complaint must not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir.2008). In addition, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" <u>Id</u>. (alteration in original) (quoting <u>Twombly</u>, 127 S.Ct. at 1969 n. 8). Moreover, we have interpreted <u>Twombly's</u> emphasis on "plausibility" to mean that the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" <u>Id</u>. at 234 (quoting <u>Twombly</u>, 127 S.Ct. at 1965).
>
> Despite these new contours, after <u>Twombly</u> we adhere to the familiar statements of our standard of review, quoted above

3

> from Buck, 452 F.3d at 260, and Pinker, 292 F.3d at 374 n.
> 7. We accept the complaint's allegations as true, read
> those allegations in the light most favorable to the
> plaintiff, and determine whether a reasonable reading
> indicates that relief may be warranted. See Phillips, 515
> F.3d at 233 (stating that the above-quoted language from
> Pinker describing the standard of review remains
> "acceptable" after Twombly).
>
> \* \* \*

542 F.3d at 64.

Turning to Defendants' alternative motion, under Fed.R.Civ.P. 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion, which must be made before filing a responsive pleading, must point out the defects complained of and the details that need to be pleaded to enable the answering party to respond. The need for a Rule 12(e) motion should arise infrequently due to the liberal pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. "Only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with simple denial, in good faith without prejudice to itself is it appropriate for the Court to grant a motion under Rule 12(e)." Trustees of the National Elevator Indus. Pension, Health Benefit and Educ. Funds v. Continental Elevator Co., Inc., No. 98-5311, 1999 WL 305370, at *5 (E.D.Pa.May 12,1999)(internal quotations omitted).

4

## IV. LEGAL ANALYSIS

### Individual Liability under the FLSA and PaMWA

First, Defendants seek the dismissal of Plaintiff's claims against Ms. Geibel, asserting that neither the FLSA nor the PaMWA provide for individual liability. In support of this argument, Defendants rely on three district court decisions all of which involved claims of gender discrimination under the Equal Pay Act of 1963, 29 U.S.C. § 206(d), which amended the FLSA to address the problem of sex-based wage discrimination. *See* Lazarz v. Brush Wellman, Inc., 857 F.Supp. 417 (E.D.Pa.1994); Cunningham v. Freedom Ford Sales, Inc., No. 03:2006-205, 2007 WL 2404739 (W.D.Pa.Aug.17,2007); and Mavrinac v. Emergency Medicine Assoc. of Pittsburgh, No. 2:04cv1880, 2005 WL 2304995 (W.D.Pa.Sept.21, 2005). For reasons which follow, the Court concludes that these cases are either unpersuasive authority for Defendants' argument that Ms. Geibel may not be held individually liable to Plaintiff for violations of the FLSA and the PaMWA or inapposite.

In Lazarz, the plaintiff asserted multiple claims against her former employer and her former supervisor for sexual harassment and discrimination. The district court dismissed the plaintiff's claims against her former supervisor under the Equal Pay Act and Pennsylvania's Equal Pay Law, 43 P.S. §§ 336.1-336.10, holding that both statutes, "by their own terms, are applicable only to an employer, and there was no allegation or

5

evidence that [the supervisor] was plaintiff's employer." 857 F.Supp. at 422. In contrast, in the present case, Plaintiff's complaint specifically alleges that she was jointly employed by MGC and Ms. Geibel. (Complaint, ¶ 5). Moreover, the district court in Lazarz failed to address the expansive definitions of "employer" in the federal and state Equal Pay Acts, which are virtually identical,[2] and the possibility of an employee having multiple employers under the statutes. See Hodgson v. Arnheim & Neely, Inc., 444 F.2d 609, 611-12 (3d Cir.1971), *rev'd on other grounds*, 410 U.S. 512 (1973)(finding that a real estate management company which hired employees and determined the terms of employment, but did not own the property, could be an employer under the FLSA; thus indicating there can be more than one employer under the FLSA). Under the circumstances, the Court finds the district court's decision in Lazarz unpersuasive with regard to Defendants' argument that Ms. Geibel may not be held liable to Plaintiff for violations of the FLSA. Turning to Mavrinac, the plaintiff brought age and gender discrimination claims against her former employers and her former supervisor,

---

[2]The FLSA's definition of an "employer" applies to the Equal Pay Act, see City of Los Angeles, Dept. of Water and Power v. Manhart, 435 U.S. 702, 718 fn.33 (1978), and includes "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d). An "employer" for purposes of Pennsylvania's Equal Pay Law includes "any person acting, directly or indirectly, in the interest of an employer in relation to an employe." 43 P.S. § 333.103(g).

6

including a claim under the Equal Pay Act. The former supervisor moved to dismiss the Equal Pay Act claim against him individually on the ground that he was not her employer. The district court agreed with the former supervisor, stating:

\* \* \*

> As an initial matter, Defendant MacLeod has moved to dismiss [the Equal Pay Act] claim against him individually because he was not Mavrinac's "employer" and is therefore not subject to suit under the [Equal Pay Act]. Typically, an employee may bring an action for back pay under the [Equal Pay Act] only against his or her employer. *See, e.g.*, Denicola v. G.C. Murphy Co., 562 F.2d 889, 893-895 (3d Cir.1977). Although Plaintiff is correct that the statutory definition of employer includes agents, she does not contend that MacLeod engaged in activities outside of the scope of his employment which would render him individually liable. To the contrary, to assert liability against EMAP and the other Defendants, Mavrinac alleges that MacLeod acted in a discriminatory manner in his role as her supervisor and employee of those Defendants. Mavrinac has not alleged that the corporate entities are not culpable or that the culpable party can only be reached through piercing the corporate structure. *See* Lazarz v. Brush Wellman, Inc., 857 F.Supp. 417, 422 (E.D.Pa.1994). Accordingly, the court will grant Defendant MacLeod's motion to dismiss the [Equal Pay Act] claim against him individually.

\* \* \*

2005 WL 2304995, at \*7.

First, the Court notes that the decision of the United States Court of Appeals for the Third Circuit in Denicola which the district court cited in support of its dismissal of the Equal Pay Act claim against the plaintiff's former supervisor did not address the issue of individual liability for violations of the Equal Pay Act. Rather, the issue before the Court in Denicola

7

was whether a union could be liable for contribution for an employer's violation of the Equal Pay Act. Second, in dismissing the claim against the former supervisor individually under the Equal Pay Act, the district court relied on the definition of an "employer" set forth in the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), rather than the definition of an "employer" in the FLSA which applies to the Equal Pay Act, and the definitions are very different.³ Accordingly, the Court also finds the district court's decision in Mavrinac unpersuasive authority for Defendants' argument that Plaintiff may not maintain a claim against Ms. Geibel in her individual capacity under the FLSA.

With respect to Cunningham, the plaintiff asserted, among other things, a claim for discrimination under the Equal Pay Act against her employer and the company's President and Owner. The President/Owner moved to dismiss the Equal Pay Act claim against him asserting that there is no individual liability under the statute. Citing the definition of "employer" in the FLSA which applies to the Equal Pay Act, 29 U.S.C. § 203(d), however, the district court concluded: "..., there is no doubt that Luther acted directly in the interest of Freedom Ford in relation to

---

³Under the ADEA, an "employer" means "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year... The term also means (1) any agent of such a person, ..." 29 U.S.C. § 630(b).

8

Plaintiff, and it is therefore possible that he could be found liable under the [Equal Pay Act] if the Plaintiff's claim were not dismissed. The Defendants' Motion to Dismiss Defendant Luther is therefore denied." 2007 WL 24-4739, at **9-10. Simply put, the district court's decision in Cunningham supports, rather than undermines, Plaintiff's claim against Ms. Geibel under the FLSA in her individual capacity.[4]

In addition to relying on unpersuasive and inapposite case law to support their motion to dismiss the claims asserted against Ms. Geibel in this case, Defendants completely ignore overwhelming case law permitting claims to proceed against certain individuals for violations of the FLSA and the PaMWA. See, e.g., Luder v. Endicott, 253 F.3d 1020, 1022 (7th Cir.2001) (noting that a supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA is individually liable for the violation); Baystate

---

[4] The district court in Cunningham cited the Lazarz and Mavrinac decisions for the incorrect proposition that "[g]enerally,... individuals cannot be held liable under the [Equal Pay Act] with the exception of a corporate officer who engages in acts outside the scope of his agency or if the corporate entity is not culpable or can only be reached by piercing the corporate veil", 2007 WL 2404739, at *9, which presumably is the basis for Defendants' citation of this case. Unlike the district courts in Lazarz and Mavrinac, however, the district court in Cunningham ultimately relied on the correct definition of "employer" for purposes of the Equal Pay Act and concluded that the statute does, in fact, contemplate individual liability, directly undermining Defendants' argument in this regard.

9

Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 678-79 (1st Cir.1998)(finding that supervisory authority was not sufficient for individual liability under the FLSA, rather the individual defendant must have control over the work situation coupled with personal responsibility for the decision that violated the FLSA); United States Dept. of Labor v. Cole Enterprises, Inc., 62 F.3d 775, 778 (6th Cir.1995)(finding individual defendant liable under the FLSA where he had power over hiring, firing, rates of pay, schedule and payroll); Reich v. Circle C. Investments, Inc., 998 F.2d 324, 329 (5th Cir.1993)("This court has held that the FLSA's definition of employer is 'sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act on behalf of the corporation vis-a-vis its employees."); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 589 (9th Cir.1993)(Fletcher, J., dissenting) ("There can be no question that an individual can be personally liable as an employer under the FLSA; adverse employment actions attributable to individuals as a consequence of their authority over employment decisions can lead to individual liability where those actions violate the FLSA."), cert. denied, 510 U.S. 1109 (1994); Brock v. Hamad, 867 F.2d 804, 808 n.6 (4th Cir.1989) (finding individual defendant with power to hire and direct employees was an "employer" under the FLSA); Kilvitis v. County

10

of Luzerne, 52 F.Supp.2d 403, 412-13 (M.D.Pa.1999)(finding individual liability under the Family Medical Leave Act ("FMLA") in accord with FLSA individual liability decisions because FMLA and FLSA provide the same definition of "employer"); Duncan v. Perdue, 988 F.Supp. 992, 994 (W.D.Va.1997)(finding individual defendant was an employer under FLSA where he was sole owner and chief executive officer of company); Dole v. Solid Waste Servs., Inc., 733 F.Supp. 895, 923 (E.D.Pa.1989), *aff'd mem.*, 897 F.2d 521 (3d Cir.), *cert. denied*, 497 U.S. 1024 (1990)("'The overwhelming weight of authority is that a corporate officer with operational control of a corporation is an employer along with the corporation, jointly and severally liable under the [FLSA] for unpaid wages.'"); Dole v. Haulaway Inc., 723 F.Supp. 274, 286 (D.N.J.1989), *aff'd*, 914 F.2d 242 (3d Cir.1990), *cert. denied*, 499 U.S. 936 (1991)("A corporate officer with operational control is an 'employer,' along with the corporation, jointly and severally liable under the [FLSA] for unpaid wages. Further, any such corporate officer is liable in his individual, not representative capacity."); Gusdonovich v. Business Information Co., 705 F.Supp. 262, 266 (W.D.Pa.1985)(concluding that genuine issue of fact concerning whether individual defendants were employers under the FLSA and the PaMWA precluded judgment in their favor on those claims); Scholly v. JMK Plastering, Inc., No. 07-cv-4998, 2008 WL 2579729, *4 (E.D.Pa.June 25,2008)(finding

11

that potential for individual liability under the FLSA applied to PaMWA because the two statutes define "employer" in substantially similar terms).

Based on the foregoing, Defendants' motion to dismiss the claims asserted by Plaintiff against Ms. Geibel under the FLSA and the PaMWA in her individual capacity will be denied.

**Adequacy of Allegations regarding Violations of FLSA and PaMWA**

Next, Defendants assert that the allegations of Plaintiff's complaint are insufficient to state a claim for relief under the FLSA and the PaMWA. Among other things, Defendants note that Plaintiff failed to allege that Defendants were aware of her uncompensated work hours; Plaintiff failed to allege that she billed Defendants for the work at issue but was not paid; Plaintiff failed to allege that the work at issue could not have been completed within her designated work hours; Plaintiff failed to allege that she was not permitted to perform the work at issue during regular work hours; and Plaintiff failed to allege that Defendants had actual or constructive knowledge that the time spent by Plaintiff on uncompensated work was more than *de minimis*. (Document No. 10, p. 6).

In light of the liberal pleading standards of Fed.R.Civ.P. 8(a), the Court concludes that Plaintiff's complaint adequately pleads claims against Defendants for violations of the FLSA and the PaMWA. For this reason, Defendants' motion for a more

12

definite statement will be denied, and Defendants' motion to dismiss Plaintiff's claims under Fed.R.Civ.P. 12(b)(6) will be denied without prejudice to Defendants' right to file a motion for summary judgment on Plaintiff's FLSA and PaMWA claims, if appropriate, following the completion of discovery.[5]

**Allegations of Willfulness**

Defendants also contend that Plaintiff's complaint fails to allege conduct which would support a claim of willfulness on their part with regard to the alleged violations of the FLSA and PaMWA, and, therefore, any claim for relief by Plaintiff on the

---

[5]This disposition is supported by the decisions on which Defendants rely to support their argument that Plaintiff's complaint fails to establish violations of the FLSA and the PaMWA because there is no allegation that Defendants were aware that Plaintiff performed the work at issue. Neither case resolved the issue in the context of a motion to dismiss. Specifically, in Barvinchak v. Indiana Regional Medical Center, No. 3:2006-69, 2008 WL 1847163 (E.D.Pa.Apr.23,2008), the district court granted summary judgment in favor of the defendant employer on the plaintiff's claims under the FLSA and the PaMWA because the evidence did not demonstrate that the defendant employer should have known that the plaintiff was working at home, and, in Davis v. Food Lion, 792 F.2d 1274 (4th Cir.1986), the court entered judgment for the defendant employer on the plaintiff's FLSA claim following a bench trial because the evidence supported a finding that the defendant employer did not know and should not have known of the plaintiff's overtime work. *See also* Barvinchak v. Indiana Regional Medical Center, No. 3:2006-69, 2007 WL 2903911, at *8 (W.D.Pa.Sept.28,2007)(In light of the liberal pleading standards of the Federal Rules of Civil Procedure, "this Court simply cannot say, at this early stage of the proceedings, that Plaintiff will be unable to state a set of facts consistent with her claim for overtime compensation that would defeat Defendant's defenses that Plaintiff was not 'employed' during the alleged overtime hours or that Defendant did not know or have reason to know of the overtime hours Plaintiff worked.").

13

basis of willfulness should be dismissed. After consideration, the Court concludes that the issue of willfulness also may not be resolved at this early stage of the litigation. *See, e.g.*, Mavrinac v. Emergency Medicine Assoc. of Pittsburgh, No. 04-1880, 2007 WL 2908007, at *9 (W.D.Pa.Oct.2,2007)("Whether there has been a willful violation of the [FLSA], from which the [Equal Pay Act] is derived, is a question of fact to be determined by the fact finder by examining the evidence at trial."). Accordingly, this aspect of Defendants' motion to dismiss also will be denied without prejudice to their right to challenge Plaintiff's allegation of willfulness in a motion for summary judgment, if appropriate.

                                       /s/ William L. Standish
                                            William L. Standish
                                         United States District Judge

Date: April 7, 2009